Opinion issued May 19, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00813-CV

———————————

Fadhil M. Salih and Selwa Abdul Hussein, Appellants

V.

JPMorgan
Chase Bank, N.A.,
Appellee



 



 

On Appeal from the 113th District Court

Harris County, Texas



Trial Court Case No. 2010-12634

 



 

MEMORANDUM OPINION

Fadil M. Salih and Selwa A. Abdul
Hussein appeal the trial court’s summary judgment in favor of JPMorgan Chase
Bank, N.A. (JPMorgan) holding them individually liable for the unpaid business
debts of Macrostar LLC f/k/a Nino Import Export, LLC d/b/a The Palm Group
(Nino).  A review of the record reveals
that the summary judgment does not dispose of JPMorgan Chase’s claims against
Nino, which is named as a defendant in the trial court.  As a result, the summary judgment is not a
final and appealable judgment. We dismiss this appeal for lack of jurisdiction.
 See  Tex.
R. App. P. 42.3(a).

In the spring of 2010, JPMorgan brought suit against Nino and
its guarantors, Salih and Hussein, for unpaid business loans.  After being served with citation, Salih and
Hussein, each acting pro se, individually answered.  Salih, purporting to act pro se for Nino as
Nino’s registered agent, also filed an answer for Nino.

JPMorgan Chase filed a motion asking the trial court to
strike Nino’s answer and grant summary judgment on its claims against Salih and
Hussein.  In June 2010, the trial court
signed two orders, one granting JPMorgan’s motion for summary judgment as to
Salih and Hussein, and the other granting the motion to strike Nino’s
answer.  Salih and Hussein moved for new
trial and filed a notice of appeal.  

With the exception of certain statutory interlocutory
jurisdiction not at issue here, this Court has jurisdiction to hear appeals
only from final judgments.  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001); see also Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(West 2008) (granting jurisdiction over certain interlocutory orders).  We do not presume that a summary judgment
entered before a conventional trial is a final judgment.  See
Lehmann, 39 S.W.3d at 199–200; see
also In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d
827, 829 (Tex. 2005).  An order or
judgment entered before a conventional trial on the merits is not final for
purposes of appeal unless it actually disposes of every pending claim and party
or if it states “with unmistakable clarity” that it finally disposes of all
claims and all parties.  M.O. Dental Lab v. Rape, 139 S.W.3d 671,
673–75 (Tex. 2004); Lehmann, 39
S.W.3d at 205.  

In this case, the trial court’s summary judgment order
addresses only JPMorgan’s claims against Salih and Hussein.  Under the case’s current posture, Nino has
been served but has not effectively answered.  JPMorgan has not asked the trial court to
adjudicate or dismiss its claims against Nino, and the trial court’s order does
not contain clear language indicating either that it is final or that it
disposes of those claims.  

A summary judgment that does not dispose
of all parties and causes of action is not final and appealable absent a
severance.  Parker v. Waller Cnty., No. 01-95-01010-CV, 1996 WL 609434, at *1
(Tex. App.-Houston [1st Dist.] Oct. 24, 1996, no writ) (citing Mafrige v. Ross, 866 S.W.2d 590, 591
(Tex. 1993)).  Because the summary
judgment order does not dispose of JPMorgan’s claims against Nino, it is not a
final judgment.  As a result, this Court
lacks jurisdiction over this appeal.  Cf. Yahweh
v. Abbott, No. 01-09-00584-CV, 2010 WL 3928511, at *1 (Tex. App.—Houston
[1st Dist.] Oct. 7, 2010, no pet.) (mem. op.) (dismissing for want of
jurisdiction where summary judgment order did not dispose of all parties and
claims).

 

                                                PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.